Quinn WILSON, Plaintiff–Appellant,

v.

Charles L. RYAN; et al., Defendants–
Appellees.

No. 14–15960.

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 2015.*

Filed May 29, 2015.

Quinn Wilson, Tucson, AZ, pro se.

Claudia Acosta Collings, Assistant At-
torney General, Office of the Arizona At-
torney General, Tucson, AZ, for Defen-
dants–Appellees.

Before: LEAVY, CALLAHAN, and M.
SMITH, Circuit Judges.

MEMORANDUM **

Quinn Wilson, an Arizona state prisoner,
appeals pro se from the district court's
summary judgment in his 42 U.S.C. § 1983
action alleging violation of his right to
freely exercise his religious beliefs under
the First Amendment. We have jurisdic-
tion under 28 U.S.C. § 1291. We review

de novo a district court's summary judg-
ment and finding of qualified immunity,
*Tarabochia v. Adkins,* 766 F.3d 1115, 1120
(9th Cir.2014), and we affirm.

The district court properly granted sum-
mary judgment on the basis of qualified
immunity because defendants' conduct did
not violate clearly established law. *See
Estate of Ford v. Ramirez–Palmer,* 301
F.3d 1043, 1049–50 (9th Cir.2002) (a prison
official may be entitled to qualified immu-
nity where he has a reasonable, but mis-
taken, belief about the facts or about what
the law requires in a given situation).
Contrary to Wilson's contentions, the law
was not sufficiently clear that a reasonable
official would understand he was required
to provide a predawn meal, rather than a
pre-sunrise meal, during Ramadan. *See
Anderson v. Creighton,* 483 U.S. 635, 640,
107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) (to
be clearly established, "[t]he contours of
the right must be sufficiently clear that a
reasonable official would understand that
what he is doing violates that right").

Wilson's requests for counsel, set forth
in his briefs, are denied.

**AFFIRMED.**

---

* The panel unanimously concludes this case is
  suitable for decision without oral argument.
  *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
   cation and is not precedent except as provid-
   ed by 9th Cir. R. 36–3.